OPINION
{¶ 1} Appellant, Daniel M. Kosco, appeals the July 14, 2003 judgment entry of the Portage County Municipal Court, Kent Division, in which he was sentenced and fined for driving with a prohibited breath alcohol level.
 {¶ 2} Appellant was issued a citation on October 3, 2002, for driving under the influence of alcohol ("DUI"), in violation of city of Aurora Codified Ordinance No. 333.01(A)(1), a misdemeanor of the first degree; driving with a prohibited breath alcohol concentration ("BAC"), in violation of city of Aurora Codified Ordinance No. 333.01(A)(3), a misdemeanor of the first degree; and driving outside of marked lanes of travel, in violation of city of Aurora Codified Ordinance No. 331.08(A). Appellant also received a verbal warning for failing to dim his high beam headlights. Appellant initially entered a plea of not guilty to the charges. On November 20, 2002, appellant filed a motion to suppress all of the evidence obtained as a result of an illegal stop. A suppression hearing was held on December 23, 2002.
 {¶ 3} Patrolman Pat Domos ("Patrolman Domos") of the city of Aurora Police Department testified that on October 3, 2002, at about 12:40 a.m., while he was on routine patrol, he observed a vehicle behind him traveling at a high rate of speed with its bright lights on. Patrolman Domos pulled over into a side street to allow the car to pass him. Thereafter, he "pulled in behind the vehicle and it continued on with its high beams on." Patrolman Domos observed this auto travel over the fog line twice, and he also noticed that oncoming traffic was flashing their high beam headlights at the car indicating that its bright lights were still on. According to Patrolman Domos, the car drifted over the fog line by about the width of a tire both times. It was a fifty m.p.h. zone. Each time that the car traveled over the white edge line, it was for approximately one to two seconds. Patrolman Domos was asked what amount of time the car was driving over the white fog line, and he replied that the car drifted over "about 50 feet at that speed."
 {¶ 4} As a result, Patrolman Domos activated his overhead lights and initiated a traffic stop. He approached appellant and advised him of the reason for the stop. Patrolman Domos testified that he observed a strong odor of alcohol as he approached appellant's car.
 {¶ 5} In a judgment entry dated December 26, 2002, the trial court denied appellant's motion to suppress. On July 14, 2003, appellant withdrew his plea of not guilty and entered a plea of no contest to the charge of driving a motor vehicle with a prohibited BAC. The trial court found appellant guilty of that offense, and the other charges were dismissed. In an entry dated July 14, 2003, appellant was sentenced to one hundred and eighty days in jail, one hundred seventy-seven days of which would be suspended if he completed a seventy-two hour DUI school. The trial court fined appellant $500, of which $300 was suspended. The court also suspended appellant's driver's license for one hundred eighty days. Appellant was permitted to drive for occupational purposes after fifteen days. Appellant timely filed the instant appeal and now assigns the following assignments of error:[1]
 {¶ 6} "[1.] The court committed prejudicial error in overruling [appellant's] motion to suppress[.]
 {¶ 7} "[2.] The court erred in not granting [appellant's] motion to suppress.
 {¶ 8} "[3.] The judgment of the court is against the manifest weight of the evidence."
 {¶ 9} As appellant's first and second assignments of error are interrelated, they will be addressed in a consolidated fashion. Under both assignments of error, appellant alleges that the trial court erred in overruling his motion to suppress. Specifically, appellant argues that the facts found by the trial court contradict established physical fact, and the trial court erred when it relied upon those facts to overrule the motion to suppress. Appellant also asserts that there was an insufficient articulable basis for stopping his motor vehicle.
 {¶ 10} At a suppression hearing, the trial court, acting in its role as the trier of fact, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366. A trial court's decision as to a motion to suppress will not be reversed if it is supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594; State v.Frazier (Oct. 6, 2000), 11th Dist. No. 99-T-0109, 2000 WL 1488364, at 2. When reviewing a trial court's decision on a motion to suppress, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. We must defer to "the trial court's findings of fact and rely on its ability to evaluate the credibility of the witnesses[,]" and then independently review whether the trial court applied the correct legal standard. State v. Anderson (1995),100 Ohio App.3d 688, 691.
 {¶ 11} Furthermore, it is well-settled that an officer's observation of any traffic law violation constitutes sufficient grounds to stop the vehicle that violated the law. Dayton v. Erickson (1996), 76 Ohio St.3d 3,11-12. We have repeatedly held that where a police officer witnesses a minor traffic violation, he is justified in initiating a stop for the purpose of issuing a citation. State v. Jennings (Mar. 3, 2000), 11th Dist. No. 98-T-0196, 2000 WL 263741, at 3, quoting State v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, at 5-6. The officer may then proceed to investigate the detainee for DUI if he has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts. Id.
 {¶ 12} In the case at bar, Patrolman Domos testified at the suppression hearing that he stopped appellant for driving outside of the marked lanes of travel two times. In addition, Patrolman Domos testified that appellant had his high beams on and that he failed to dim them even after oncoming traffic flashed their bright lights on appellant. Based on his observations, it is our view that he had not only a reasonable suspicion that a traffic offense had occurred, but based on the record before us, he had sufficient probable cause to perform the traffic stop.
 {¶ 13} Moreover, Patrolman Domos's observations, after the stop, gave him reasonable suspicion to suspect that appellant was driving under the influence, and after further investigation, gave him probable cause to arrest appellant for DUI. However, since appellant has taken no issue with Patrolman Domos's subsequent actions in arresting him for DUI, those issues will not be discussed. Hence, appellant's first and second assignments of error are without merit.
 {¶ 14} In the third assignment of error, appellant posits that the trial court's judgment was against the manifest weight of the evidence.
 {¶ 15} When determining whether a verdict is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and "determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. A reviewing court will not reverse a conviction as being against the manifest weight of the evidence if there is substantial evidence upon which the trier of fact could reasonably conclude that all of the elements of an offense have been demonstrated beyond a reasonable doubt. State v. Eskridge
(1988), 38 Ohio St.3d 56, paragraph two of the syllabus. Furthermore, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 16} Here, Patrolman Domos testified that he witnessed appellant's auto drive over the white edge line two times. Both times appellant drove outside of the marked lane by about a tire width for about fifty feet. Patrolman Domos also observed that appellant's vehicle had its high beams on when appellant was behind him. When Patrolman Domos was behind appellant, he concluded that appellant still had his high beam headlights on because the oncoming traffic was flashing their bright lights at appellant. This was the only testimony presented at the suppression hearing. Therefore, the trial judge was in the best position to evaluate the credibility of Patrolman Domos. We conclude that the trial court's judgment was supported by competent, credible evidence in the form of Patrolman Domos's testimony.
 {¶ 17} Pursuant to DeHass, an appellate court must defer to the trial court's judgment concerning determinations of witness credibility and the weight of the evidence, absent an abuse of discretion. There is no indication that the trial court lost its way in weighing the evidence or committed any abuse of discretion. Accordingly, appellant's third assignment of error lacks merit.
 {¶ 18} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Municipal Court, Kent Division, is affirmed.
Grendell, J., Rice, J., concur.
[1] The July 14 entry was not a final appealable order as it consisted of two sections. The first was labeled "Recommendations of the Prosecutor" and the second was labeled "Journal Entry." The matter was remanded to the trial court. A nunc pro tunc entry was issued on November 21, 2003, which corrected the combination of the prosecutor's recommendation with the trial court judgment. However, that entry was still deficient since it did not indicate that the trial court accepted appellant's plea. The trial court then issued a second nunc pro tunc entry on January 7, 2004, accepting appellant's guilty plea. That entry resolved this court's jurisdictional concerns.